**Joseph A. Grube**, OSB #962976
**Karen Orehoski,** *admitted pro hac vice*
joe@go-trial.com
karen@go-trial.com
Grube Orehoski, PLLC
1200 Fifth Avenue, Suite 1711
Seattle, WA 98101
Tel: 206.624.5975/ Fax: 206.770.7607
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## EUGENE DIVISION

| | |
|---|---|
| KIMBERLY TRENT,<br><br>          Plaintiff,<br><br>v.<br><br>LEAH HUFFMAN,<br><br>          Defendant. | **CASE NO. 6:17-cv-01906-MC**<br><br>**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |

## <u>CERTIFICATION</u>

Plaintiff Kimberly Trent submits the following proposed jury instructions. Plaintiff's counsel certify that they have attempted to confer with Defendant's counsel regarding agreed proposed instructions versus contested proposed jury instructions. To date, Defendant has not advised which (if any) proposed jury instructions are objected to. Plaintiff's counsel will continue to attempt to make a good faith effort to confer on instructions so that joint proposed jury instructions can be provided to the Court well in advance of the pretrial conference.

**PROPOSED JURY INSTRUCTION NO.**
**DUTY OF JURY**
**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 1.4

1

**PROPOSED JURY INSTRUCTION NO.**
**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

2

3
      When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

4

5
      You should base your decision on all of the evidence, regardless of which party presented it.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 1.6

**PROPOSED JURY INSTRUCTION NO.**
**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff Kimberly Trent asserts that defendant Leah Huffman was negligent, and that her negligence caused the collision between the plaintiff's car and the defendant's car. The plaintiff further asserts that as a result of the collision, she has suffered damages. The plaintiff has the burden of proving these claims.

The defendant denies those claims. [and also contends that [*defendant's counterclaims and/or affirmative defenses*]]. [The defendant has the burden of proof on these [*counterclaims and/or affirmative defenses.*]]

[The plaintiff denies [*defendant's counterclaims and/or affirmative defenses*].]

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 1.5 (modified).

**PROPOSED JURY INSTRUCTION NO.**
**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I [may instruct] [have instructed] you to accept as proved.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 1.9

**PROPOSED JURY INSTRUCTION NO.**
**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 1.10

**PROPOSED JURY INSTRUCTION NO.**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 1.12

**PROPOSED JURY INSTRUCTION NO.**
**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 1.13

**PROPOSED JURY INSTRUCTION NO.**
**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)      the opportunity and ability of the witness to see or hear or know the things testified to;

(2)      the witness's memory;

(3)      the witness's manner while testifying;

(4)      the witness's interest in the outcome of the case, if any;

(5)      the witness's bias or prejudice, if any;

(6)      whether other evidence contradicted the witness's testimony;

(7)      the reasonableness of the witness's testimony in light of all the evidence; and

(8)      any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 1.14

**PROPOSED JURY INSTRUCTION NO.**
**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied

1

the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

2

3

   A juror who violates these restrictions jeopardizes the fairness of these proceedings[and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 1.15

26

**PROPOSED JURY INSTRUCTION NO.**
**NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations you will not have a transcript of the trial testimony.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 1.17

**PROPOSED JURY INSTRUCTION NO.**
**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 1.18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**PROPOSED JURY INSTRUCTION NO.**
**QUESTIONS TO WITNESSES BY JURORS DURING TRIAL**

When attorneys have finished their examination of a witness, you may ask questions of the witness. [*Describe procedure to be used*.] If the rules of evidence do not permit a particular question, I will advise you. After your questions, if any, the attorneys may ask additional questions.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 1.19 (Option 2).

PLAINTIFF'S PROPOSED
JURY INSTRUCTIONS

14 OF 37

**PROPOSED JURY INSTRUCTION NO.**
**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 1.20

1

**PROPOSED JURY INSTRUCTION NO.**
**STIPULATIONS OF FACT**

2

3

      The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You must therefore treat these facts as having been proved.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 2.2

**PROPOSED JURY INSTRUCTION NO.**
**EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 2.16

**PROPOSED JURY INSTRUCTION NO.**
**DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 3.1

**PROPOSED JURY INSTRUCTION NO.**
**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 3.2

**PROPOSED JURY INSTRUCTION NO.**
**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 3.5

**PROPOSED JURY INSTRUCTION NO.**
**EXPERT OPINION**

You [have heard] [are about to hear] testimony from [_name_] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 2.13

**PROPOSED JURY INSTRUCTION NO.**
**COMMON LAW NEGLIGENCE—**
**INTRODUCTION AND ELEMENTS**

The law assumes that all people have obeyed the law and have been free from negligence. The mere fact that an accident or injury occurred is not sufficient by itself to prove negligence. It is, however, something you may consider along with other evidence.

The plaintiff has made a claim for negligence against the defendant. This requires the plaintiff to prove each of the following:

(1)     The defendant's conduct was negligent;

(2)     The defendant's negligent conduct was a cause of harm to the plaintiff; and

(3)     The harm was reasonably foreseeable.

Authority: UCJI 20.01

PLAINTIFF'S PROPOSED
JURY INSTRUCTIONS

1

**PROPOSED JURY INST. NO.**
*NEGLIGENT CONDUCT* **DEFINED**

2

3
      The law requires every person to use reasonable care to avoid harming others. A person's conduct is negligent if that person fails to use reasonable care.

4
      Reasonable care is the degree of care and judgment used by reasonably careful people in the management of their own affairs to avoid harming themselves or others. A person fails to use reasonable care when that person does something that a reasonably careful person would not do, or fails to do something that a reasonably careful person would do under similar circumstances.

5

6

7
      In deciding whether a person used reasonable care, consider the dangers apparent or reasonably foreseeable when the events occurred. Do not judge the person's conduct in light of later events; instead, consider what the person knew or should have known at the time.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Authority: UCJI 20.02

PLAINTIFF'S PROPOSED
JURY INSTRUCTIONS

1
2

**PROPOSED JURY INSTRUCTION NO.**
**FORESEEABILITY**

3        A person is liable only for the reasonably foreseeable consequences of his or her actions.
4   There are two things that must be foreseeable. First, the plaintiff must be within the general
    class of persons that one reasonably would anticipate might be threatened by the defendant's
5   conduct. Second, the harm suffered must be within the general class of harms that one
    reasonably would anticipate might result from the defendant's conduct.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Authority: UCJU 20.03

**PROPOSED JURY INSTRUCTION NO.**
**NEGLIGENCE *PER SE***
**BASIC SPEED RULE**

The plaintiff claims that the defendant's conduct was negligent because the defendant violated the following basic speed rule.

A driver violates the basic speed rule when he or she drives on a highway faster than is reasonable considering the traffic, surface and width of the highway, the hazard at intersections, weather, visibility, and any other existing conditions.

If you find that the defendant violated this rule, the defendant's conduct was negligent.

Authority: UCJI 20.05; UCJI 35.01 (modified); ORS 811.100

**PROPOSED JURY INSTRUCTION NO.**
**NEGLIGENCE *PER SE***
**LOOKOUT**

The plaintiff claims that the defendant's conduct was negligent because the defendant failed to maintain a reasonable lookout.

A reasonable lookout means the lookout that a reasonably prudent person would maintain under the same or similar circumstances.

In determining whether a person maintained a reasonable lookout, you should take into consideration the extent or degree of danger reasonably to be expected. A person does not comply with the duty to maintain a reasonable lookout by simply looking and not seeing that which is plainly visible and which would have been seen by a reasonably prudent person under the same or similar circumstances.

If you find that the defendant violated this rule, the defendant's conduct was negligent.

Authority: UCJI 20.05 UCJI 35.04 (modified)

**PROPOSED JURY INSTRUCTION NO.**
**FOLLOWING TOO CLOSELY**

The plaintiff claims that the defendant's conduct was negligent because the defendant was following too closely.

A driver follows another vehicle too closely when he or she follows more closely than is reasonable considering the speed of the vehicles, the traffic, and the condition of the highway.

If you find that the defendant violated this rule, the defendant's conduct was negligent.

Authority: UCJI 25.01; UCJI 35.04 (modified); ORS 811.485

**PROPOSED JURY INSTRUCTION NO.**
**DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on the plaintiff's negligence, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following:

<u>Past and Future Non-Economic Damages:</u>

The nature and extent of the injuries

The disability, loss of enjoyment of life and impairments experienced and with reasonable probability will be experience in the future.

The pain and suffering, both mental and physical, mental anguish, emotional distress, and inconvenience experienced and with reasonable probability to be experienced in the future.

<u>Past and Future Economic Damages:</u>

The reasonable value of wages lost up to the present time;

The reasonable value of wages that with reasonable probability will be lost in the future;

The reasonable value of necessary medical care, treatment, and services received to the present time;

The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future.

The reasonable value of nonmedical expenses that will be required with reasonable probability in the future.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 5.1, 5.2 (Modified)

PLAINTIFF'S PROPOSED
JURY INSTRUCTIONS

**DAMAGES—PERMANENT INJURY—
LIFE EXPECTANCY—MORTALITY TABLES**

If you find that the plaintiff is entitled to recover for permanent injury, you must determine the plaintiff's probable life expectancy, taking into consideration all evidence bearing on that issue, such as the plaintiff's occupation, sex, health, habits, and activities. Life expectancy shown by the mortality tables is an estimate of the probable average remaining life of all persons in our country of a given age. According to the standard mortality tables, the life expectancy of a woman aged 46 years is an additional 39.5 years. This is a fact you may consider in arriving at the amount of damages.

Authority: UCJI No. 74.01 / https://www.ssa.gov/oact/population/longevity.html

**PROPOSED JURY INSTRUCTION NO. 23**
**CAUSATION—"BUT FOR"**

  The defendant's conduct is a cause of the plaintiff's injury if the injury would not have occurred but for that conduct; conversely, the defendant's conduct is not a cause of the plaintiff's injury if that injury would have occurred without that conduct.

UCJI 23.01

**PROPOSED JURY INSTRUCTION NO.**
**CAUSATION—"SUBSTANTIAL FACTOR"**

Many things may operate either independently or together to cause injury. In such a case, each may be a cause of the injury even though the others by themselves would have been sufficient to cause the same injury.

If you find that the defendant's act or omission was a substantial factor in causing the injury to the plaintiff, you may find that the defendant's conduct caused the injury even though it was not the only cause. A substantial factor is an important factor and not one that is insignificant.

UCJI 23.02

PLAINTIFF'S PROPOSED
JURY INSTRUCTIONS

**PROPOSED JURY INSTRUCTION NO.**
**DAMAGES PREVIOUS INFIRM CONDITION**

If you find that the plaintiff defendant had a bodily condition that predisposed her to be more subject to injury than a person in normal health, nevertheless the defendant would be liable for any and all injuries and damage that may have been suffered by the plaintiff as the result of the negligence of the defendant, even though those injuries, due to the prior condition, may have been greater than those that would have been suffered by another person under the same circumstances.

UCJI 70.06

**PROPOSED JURY INSTRUCTION NO.**
**IMPAIRMENT OF EARNING CAPACITY**

You must decide whether the plaintiff has suffered damages due to impairment of her earning capacity. Impairment of earning capacity is the extent to which the plaintiff's capacity to earn has been reduced due to the injury. The plaintiff is entitled to compensation for lost capacity to earn, if any, whether the plaintiff would have chosen to exercise it or not, even if the plaintiff never worked to that capacity in the past.

UCJI 70.14

**PROPOSED JURY INSTRUCTION NO.**
**TORT DAMAGES LOST INCOME WAGE LOSS**

Wage loss is one type of lost income. Wage loss includes all lost benefits. Wage loss also includes vacation, sick leave, or other leave used while the plaintiff was unable to work.

UCJI No. 70.20

**PROPOSED JURY INSTRUCTION NO.**
**JUDICIAL NOTICE**

The court has decided to accept as proved the following facts. You must accept these facts as true:

1.    There were 193 non-weekend days (i.e. M-F) between September 7, 2016 and June 4, 2017.

2.    There were 102 non-weekend days (i.e. M-F) between August 10, 2018 and January 31, 2018.

3.    There were 79 non-weekend days (i.e. M-F) between January 1, 2023 and April 20, 2023.

4.    There will be 193 non-weekend days (i.e. M-F) between April 21, 2023 and December 31, 2023.

5.    Plaintiff Kimberly Trent will turn sixty-five years old on April 29, 2042.

Authority: Manual of Model Jury Instructions for the Ninth Circuit (2019), Civil Jury Instruction 2.3 (modified).

DATED this 13th day of March 2022.

**GRUBE OREHOSKI, PLLC**

By: */s/ Joseph A. Grube*
Joseph A. Grube OSB #962976
Karen Orehoski, *admitted pro hac vice*
joe@go-trial.com
karen@go-trial.com
Attorneys for Plaintiff Kimberly Trent