**Glenn E. Barger**, OSB #972060
gbarger@bargerlawgrouppc.com
Barger Law Group, PC
5005 Meadows Road, Suite 130
Lake Oswego, OR 97035
Tel: 503-303-4099 / Fax: 503-303-4079
Of Attorneys for Defendant Huffman

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| KIMBERLY TRENT,<br><br>          Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company, and LEAH HUFFMAN,<br><br>          Defendants. | Case No. 6:17-cv-01906-MK<br><br>DEFENDANT HUFFMAN'S MOTION FOR NEW TRIAL<br><br>ORAL ARGUMENT REQUESTED |

## COMPLIANCE WITH LR 7-1(a)

In accordance with LR 7-1(a), Defendant certifies that on May 12, 2023, Defendant's counsel conferred with Plaintiff's counsel in good faith in an effort to resolve the issues raised in this Motion, but was unable to do so.

///

Page- 1 – DEFENDANT HUFFMAN'S MOTION FOR NEW TRIAL                    12211214

BARGER LAW GROUP PC.
1750 Blankenship Road, Suite 125
West Linn, Oregon 97068
Telephone: 503-303-4099
Facsimile: 503-303-4079

## MOTION

Pursuant to Fed. R. Civ. P. 59(a)(1), Defendant Leah Huffman (hereinafter referred to as "Defendant") moves this Court for a new trial. This motion is supported by the court record herein and the following discussion.

## BACKGROUND

This case is a personal injury action arising from a motor vehicle collision that took place on September 4, 2016 on Interstate 5 southbound near Woodburn, Oregon. Plaintiff Kimberly Trent alleged the subject accident caused her to strike her head on her steering wheel resulting in a closed head traumatic brain injury causing permanent disability. She further alleged injuries to her neck and abdominal lesions and injuries from her seatbelt. She sought damages for past medical bills, future medical bills, past wage loss, and future impaired earning capacity. She also seeks noneconomic damages for her alleged pain and suffering.

Defendant Leah Huffman denied Plaintiff sustained the alleged injuries in the subject collision.

Prior to trial, and pursuant to the Court's pretrial order, Defendant requested alternate proposed jury instructions that included additional instructions to those proposed jointly by the parties. Specifically, Defendant's proposed instructions included Evidence of Settlement and Comparative Fault of Two or More Parties. Defendant further requested the verdict form include General Motors to permit the jury to apportion fault amongst all Defendants, including settled party General Motors pursuant to ORS 31.600(2). Plaintiff argued against the inclusion of the above requested instructions and Defendant's proposed verdict form. The Court denied Defendant's requests.

Pursuant to the pretrial order, the parties also submitted proposed exhibits and exhibit lists. Plaintiff's exhibits included Plaintiff's medical records following the subject collision. Defendant sought to admit medical records from both before and after the collision, but marked

Page- 2 – DEFENDANT HUFFMAN'S MOTION FOR NEW TRIAL    12211214

BARGER LAW GROUP PC.
1750 Blankenship Road, Suite 125
West Linn, Oregon 97068
Telephone: 503-303-4099
Facsimile: 503-303-4079

the exhibits for identification purposes only. During the pre-trial conference, the parties presented arguments regarding the admission of Plaintiff's medical records into evidence. Defendant objected to the admission of Plaintiff's medical records as hearsay and cumulative based on the testimony of Plaintiff's treating providers. The Court allowed the admission of Plaintiff's medical records over Defendant's objections.

After briefing on pretrial issues and a hearing on pretrial issues on April 4, 2023, this case was tried to a jury on April 10, 2023. The jury returned a verdict for Plaintiff.

## ARGUMENT

### A.    Legal Standard for New Trial

Fed. R. Civ. P. 59(a)(1) states:

> The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
>
>> (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court…

A district court may grant a motion for new trial based on "erroneous jury instructions" or failure "to give adequate instructions." *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990). In order to obtain a new trial based on erroneous jury instructions, the moving party must demonstrate that the instructions were given in error and prejudicial. *Mathew Enterprise, Inc. v. Chrysler Group LLC*, 250 F.Supp.3d 409, 414 (N.D.Ca. 2017) citing *Tritchler v. Cnty. of Lake*, 358 F.3d 1150, 1154 (9th Cir. 2004). "In evaluating whether a particular jury instruction was erroneous, the court must consider the jury instructions as a whole, and whether they 'fairly and adequately cover the issues presented, correctly state the law, and are not misleading.'" *Mathew Enterprise*, 250 F.Supp.3d at 414 (quoting *Duran v. City of Maywood*, 221 F.3d 1127, 1130 (9th Cir. 2000)).

Page- 3 – DEFENDANT HUFFMAN'S MOTION FOR NEW TRIAL        12211214

BARGER LAW GROUP PC.
1750 Blankenship Road, Suite 125
West Linn, Oregon 97068
Telephone: 503-303-4099
Facsimile: 503-303-4079

A district court also may grant a new trial based on an erroneous special verdict form. *See Baisden v. I'm Ready Prods.*, Inc., 693 F.3d 491, 507 (5th Cir. 2012). An erroneous verdict form usually warrants a new trial only if the questions mislead or confuse the jury, or frame the issues to be resolved inaccurately. *Fidelity & Guar. Ins. Underwriters, Inc. v. Jasam Realty Corp.*, 540 F.3d 133, 139 (2d Cir. 2008).

The admission of inadmissible evidence can also be grounds for a new trial. Fed.R.Civ. P.61; *Morgan v. Woessner,* 997 F.2d 1244, 1261 (9th Cir.1993), *cert. dismissed,* 114 S.Ct. 671 (1994). Under FRE 103(a), "a party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party." In order to show that the ruling affected a party's substantial right, the party must show the ruling was prejudicial and likely impacted the outcome of the trial. *See HVLPO2, LLC v. Oxygen Frog, LLC*, 949 F.3d 685, 689-90 (Fed. Cir. 2020).

### B. The Court Erred in Denying Defendant's Request for Jury Instructions and Verdict Form that Allowed the Jury to Compare the Fault of Settled Party General Motors.

Defendant requested jury instructions and a verdict form based on Plaintiff's settlement with General Motors. ORS 31.600 states the trier of fact *shall* compare the fault of "any person with whom the claimant has settled." ORS 31.600(2). The instructions of Evidence of Settlement, Comparative Fault of Two or More Parties, and Defendant's proposed Verdict Form took into consideration the jury's duty to compare the fault of the settled party to that of Defendant Huffman.

In *A.F. v. Evans*, Judge Simon considered issues with respect to comparative fault under ORS 31.600. 2022 WL 1541463 (D. Or. May 16, 2022). In that case, the plaintiffs were two minor children who sued the Department of Human Services ("DHS") and three DHS employees. *Id.* at 1. The plaintiff also previously named their two former attorneys from the juvenile dependency proceedings. *Id.* The claims of the minors against the two attorneys were

Page- 4 – DEFENDANT HUFFMAN'S MOTION FOR NEW TRIAL    122I1214

BARGER LAW GROUP PC.
1750 Blankenship Road, Suite 125
West Linn, Oregon 97068
Telephone: 503-303-4099
Facsimile: 503-303-4079

settled and the attorneys were removed from plaintiffs' complaint. *Id.* DHS filed an answer to the amended complaint, asserting comparative fault against the settled parties. *Id.* at 1-2. The plaintiffs moved for summary judgment arguing DHS's affirmative defenses failed as a matter of law and the Court agreed, granting the plaintiff's motion for summary judgment. *Id.* at 2.

Judge Simon's analysis of the issues included a review of case law. Notably, Judge Simon quoted *American Title Ins. Co. v. Lacelaw Corp.*, in which the Court stated: "Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions and conclusively binding on the party who made them." *A.F.*, at 8-9 (quoting 861 F.2d 224, 226 (9th Cir. 1988)). The Court went on to reason that the factual assertions in the pleadings have "'the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.'" *A.F.*, at 9, (quoting *American Title*, 861 F.2d at 226), *see also In re Fordson Eng'g Corp.*, 25 B.R. 506, 509 (Bankr. E.D. Mich. 1982)). Judge Simon further analyzed case law regarding the effect of factual allegations in a complaint versus legal conclusions and reached the conclusion that DHS could point to no factual allegations made by the plaintiffs to form the basis of the attorneys' negligence as a triable issue. *A.F.*, at 10. There were, however, legal conclusions in the plaintiffs' first amended complaint, but those did not amount to judicial admissions. *Id.* Because DHS relied solely on legal conclusions to support claims for comparative fault against the attorneys and apportionment of damages by the jury and not facts, Judge Simon held DHS had failed to show a triable issue as to the attorneys' fault. *Id.*

The present case differs from *A.F. v. Evans* in that Plaintiff's Complaint contains *factual* allegations against General Motors. Unlike in A.F., here Plaintiff did not amend her complaint to remove the allegations against General Motors. Since there are still factual allegations against General Motors in Plaintiff's Complaint in paragraphs 2.1, 2.3, 4.1, and 4.2, those allegations are taken as judicial admissions that withdraw the facts from issue and eliminate the need to prove the facts. *See American Title*, 861 F.2d at 226. Therefore, Defendant need not submit evidence to

Page- 5 – DEFENDANT HUFFMAN'S MOTION FOR NEW TRIAL    12I1214

BARGER LAW GROUP PC.
1750 Blankenship Road, Suite 125
West Linn, Oregon 97068
Telephone: 503-303-4099
Facsimile: 503-303-4079

show a triable issue as to General Motors, as Plaintiff has already made judicial admissions with respect to General Motors in her pleadings.

Considering the foregoing, Plaintiff's argument that Defendant was required to muster evidence against General Motors was in error. Defendant need not prove the part of the settled party under ORS 31.600(3), as Plaintiff has already put claims against General Motors at issue based on the factual allegations in the Complaint. As a result, ORS 31.600(2) required the jury to apportion the fault of the parties, including General Motors.

### C.     The Court Erred in Admitting Plaintiff's Medical Records into Evidence.

Defendant previously objected to the admission of Plaintiff's medical records as not only hearsay, but hearsay within hearsay. This is because Defendant did not object to the admissibility of the four corners of the documents, but rather the contents of the records themselves. Fed. R. Ev. 803 governs exceptions to the rule against hearsay and denotes exceptions for present sense impression, then existing mental, emotional, and physical condition, and statements made for medical treatment. Fed. R. Ev. 803(1), (3), (4). While these exceptions could apply to subjective statements made by Plaintiff to her medical providers, the remainders of the treatment records still contain hearsay. The examination of Plaintiff by the provider, the diagnosis, and plan are all hearsay statements that are without exception. Accordingly, only portions of the records would be admissible. Prior to trial, Defendant also objected to the admission of the records of Drs. Turner and Stanek and nurse Williams as cumulative as those providers were testifying in the trial.

In this case, the jury was permitted to not only hear the testimony of Plaintiff's treating providers regarding their opinions and diagnoses of Plaintiff, but also to review the medical records as many times as the jury saw fit. Defendant was not afforded this same advantage. Instead, Defendant presented two expert witnesses, but the jury was not able to review the reports of the testifying witnesses in the same manner they were able to review Plaintiff's

Page- 6 – DEFENDANT HUFFMAN'S MOTION FOR NEW TRIAL         12211214

BARGER LAW GROUP PC.
1750 Blankenship Road, Suite 125
West Linn, Oregon 97068
Telephone: 503-303-4099
Facsimile: 503-303-4079

medical records. More importantly, it was not only Plaintiff's records the jury was able to review, but specifically the examinations and opinions of the providers in rendering treatment to Plaintiff. With respect to Defendant's case, the jury's sole reliance was on Defendant's experts' testimony. As a result of the admission of all of Plaintiff's medical records, Defendant was prejudiced. Given the medical causation dispute in the case, the admission of Plaintiff's medical records likely impacted the outcome of the trial.

## CONCLUSION

Based on the foregoing, Defendant Leah Huffman respectfully moves this Court for a new trial.

DATED this 12th day of May, 2023.

BARGER LAW GROUP PC

By: _____
Glenn E. Barger, OSB #972060
Email: gbarger@bargerlawgrouppc.com
Stacey B. Darling, OSB #171030
Email: sdarling@bargerlawgrouppc.com
Of Attorneys for Defendant Huffman

Page- 7 – DEFENDANT HUFFMAN'S MOTION FOR NEW TRIAL     12211214

BARGER LAW GROUP PC.
1750 Blankenship Road, Suite 125
West Linn, Oregon 97068
Telephone: 503-303-4099
Facsimile: 503-303-4079

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing MOTION FOR NEW TRIAL on:

Joseph A. Grube
Breneman Grube Orehoski, PLLC
1200 Fifth Ave., Suite 625
Seattle, WA 98101
Fax: 206-770-7607
Of Attorneys for Plaintiff

by the following indicated method or methods:

__X__ by mailing a full, true and correct copy thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney as shown above, the last-known office address of the attorney, and deposited with the United States Postal Service at Lake Oswego, Oregon, on the date set forth below.

____ by causing a full, true and correct copy thereof to be hand-delivered to the attorney at the attorney's last-known office address listed above on the date set forth below.

____ by sending a full, true and correct copy thereof via overnight courier in a sealed, prepaid envelope, addressed to the attorney as shown above, the last-known office address of the attorney, on the date set forth below.

____ by faxing a full, true and correct copy thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office, on the date set forth below. The receiving fax machine was operating at the time of service and the transmission was properly completed, according to the attached confirmation report.

____ electronic transmission to the electronic mail (email) address of a party who has consented to electronic service under UTCR 21.100(1).

DATED this 12th day of May, 2023.

Glenn E. Barger, OSB #972060
Email: gbarger@bargerlawgrouppc.com
Stacey B. Darling, OSB #171030
Email: sdarling@bargerlawgrouppc.com
Of Attorneys for Defendant Huffman

Page 1 – CERTIFICATE OF SERVICE                                                                12211214

BARGER LAW GROUP PC
1750 Blankenship Road, Suite 125
West Linn, Oregon 97068
Telephone: 503-303-4099
Facsimile: 503-303-4079