IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KIMBERLY TRENT,

        Plaintiff,

    v.

LEAH HUFFMAN,

        Defendant.

_____

Case No. 6:17-cv-01906-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff Kimberly Trent sustained a traumatic brain injury after she and Defendant Leah Huffman were involved in a motor vehicle accident. On April 14, 2023, a jury returned a verdict in favor of Plaintiff, finding that Defendant's negligence was the cause of Plaintiff's injuries, and awarded Plaintiff $3,500,000 in damages. Jury Verdict, ECF No. 78. Defendant now seeks a new trial pursuant to Fed. R. Civ. P. 59(a)(1), arguing that this court erred by (1) denying Defendant's request for jury instructions and a verdict form that would have allowed the jury to consider a third-party's comparative fault, and (2) by admitting Plaintiff's medical records into evidence. Def.'s Mot. for New Trial 4, 6, (ECF No. 87). For the following reasons, Defendant's Motion is DENIED.

1 – OPINION AND ORDER

**STANDARD OF REVIEW**

Under Rule 59, a trial court may order a new trial only if the jury's verdict was against the clear weight of the evidence, based on false evidence, or presents a miscarriage of justice. *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 729 (9th Cir. 2007) (internal citation omitted). "A district court's formulation of jury instructions is a matter of the court's discretion." *Brown v. Vail*, No. 2:15-CV-0121-TOR, 2020 WL 1696227, at *2 (E.D. Wash. Apr. 7, 2020) (citing *Masson v. New Yorker Magazine, Inc.*, 85 F.3d 1394, 1397 (9th Cir. 1996)). "An error in instructing the jury in a civil case requires reversal unless the error is more probably than not harmless." *Swinton v. Potomac Corp.*, 270 F.3d 794, 805 (9th Cir. 2001) (quoting *Caballero v. City of Concord,* 956 F.2d 204, 206–07 (9th Cir.1992)). Moreover, an erroneous evidentiary ruling warrants a new trial if the error was prejudicial. *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir. 2003). In other words, "[a] reviewing court should find prejudice only if it concludes that, more probably than not, the lower court's error tainted the verdict." *Id*. (quoting *Tennison v. Circus Circus Enters., Inc.,* 244 F.3d 684, 688 (9th Cir. 2001)).

**DISCUSSION**

Plaintiff originally brought this case against Defendant Huffman and General Motors LLC ("GM"), however, GM settled and was dismissed from the case. *See generally* Pl.'s Compl. ECF No. 1. Defendant contends that this Court erred by declining to instruct the jury regarding "Evidence of Settlement and Comparative Fault of Two or More Parties," and by not including an option for the jury to apportion fault to GM on the Verdict form. Def.'s Mot. 2.

ORS 31.600 allows a jury to consider the comparative fault of the plaintiff, as well as "the fault of any person with whom the claimant has settled." Or. Rev. Stat. § 31.600(2) (2023). Defendant certainly could have instructed the jury regarding comparative fault, had she pleaded

2 – OPINION AND ORDER

ORS 31.600 as an affirmative defense. "[A]n affirmative defense . . . is a defense that does not negate the elements of the plaintiff's claim, but instead precludes liability even if all of the elements of the plaintiff's claim are proven. It is a defense on which the defendant has the burden of proof." *Barnes v. AT & T Pension Ben. Plan*, 718 F. Supp. 2d 1167, 1173–1174 (N.D. Cal. 2010) (internal quotations and citations omitted.) Indeed, ORS 31.600(3) provides,

> A defendant . . . who alleges that a person who has settled with the claimant is at fault in the matter, *has the burden of proof* in establishing:
>
> (a) The fault of the third party defendant or the fault of the person who settled with the claimant; and
>
> (b) That the fault of the third party defendant or the person who settled with the claimant was a contributing cause to the injury or death under the law applicable in the matter.

Or. Rev. Stat. § 31.600(3) (emphasis added). At no point during or prior to trial did Plaintiff offer evidence regarding GM's fault.[1] Moreover, Defendant failed to raise comparative fault as an affirmative defense in her Answer and she did not raise it as a defense in the parties' joint Pretrial Order. *See* ECF Nos. 9, 38. A "defendant's failure to raise an affirmative defense in h[er] answer effects a waiver of that defense." *Wakefield v. ViSalus, Inc.*, 51 F4th 1109, 1119 (9th Cir. 2022).

---

[1] Defendant argues that she did not need to submit evidence regarding GM's fault because the factual allegations against GM in Plaintiff's Complaint serve as judicial admissions. Def.'s Mot. 5–6. In response, Plaintiff argues that factual allegations in the Complaint against General Motors were superseded by the joint Pretrial Order, which contained no allegations of fault by GM. Pl.'s Resp. 4. (citing *Kona Technology Corp. v. Southern Pacific Transp. Co*., 225 F.3d 595, 604 (5th Cir. 2000) ("It is a well-settled ruled that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial…. If a claim or issue is omitted from the order, it is waived even if it appeared in the complaint.")). The Court finds this argument persuasive.

3 – OPINION AND ORDER

Defendant next argues that the Court erred in admitting Plaintiff's medical records[2] into evidence, which, according to Defendant, were cumulative and contained hearsay. Def.'s Mot. 6. First, Plaintiff's medical records were correctly admitted under Rule 803's medical document exception to hearsay. Fed. R. Evid. 803(4). Second, Defendant *also* offered Plaintiff's medical records into evidence at trial and Defendant's experts relied on Plaintiff's medical records in support of their own opinions. Pl.'s Resp. 7–10. Plaintiff's exhibits "contain[ed] medical records [that] consisted of either identical or additional records from the same facilities and providers as those in the exhibits offered by Defendant." *Id*. at 8. This Court adheres to the "well established commonsense principle," that "a party introducing evidence cannot complain on appeal that the evidence was erroneously admitted." *Ohler v. United States*, 529 U.S. 753, 755–756 (2000) ("If a party who has objected to evidence of a certain fact himself produces evidence from his own witness of the same fact, he has waived his objection"). Defendant's arguments are without merit.

## CONCLUSION

Defendant's Motion for New Trial (ECF No. 87) is DENIED.

IT IS SO ORDERED.

DATED this 7th day of July, 2023.

       /s/ Michael McShane      
Michael J. McShane
United States District Judge

---

[2] Defendant does not specify which exhibits the Court erred in admitting.

4 – OPINION AND ORDER